## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARTIN J. WALSH**, | ) | |
| Secretary of Labor, United States | ) | |
| Department of Labor, | ) | Case Number: 21-cv-3815 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| **WOODBRIDGE NURSING** | ) | Equitable and Legal Relief |
| **PAVILION, LTD.,** an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States

Department of Labor ("Plaintiff"), brings this action to enjoin and restrain

Defendant **WOODBRIDGE NURSING PAVILION, LTD.**, an Illinois corporation,

from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards

Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act"), pursuant to section 17

of the Act, 29 U.S.C. § 217, and to recover unpaid overtime compensation owing to

its employees together with an equal additional amount as liquidated damages,

pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

### I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and

17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. § 1345.

## II

Defendant **WOODBRIDGE NURSING PAVILION, LTD.** is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 2242 North Kedzie, Chicago, Illinois 60647 in Cook County within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the business of providing nursing home care and in the performance of related types of activities.

## III

**WOODBRIDGE NURSING PAVILION, LTD.** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

## IV

**WOODBRIDGE NURSING PAVILION, LTD.** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

**WOODBRIDGE NURSING PAVILION, LTD.** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in that said enterprise at all times hereinafter mentioned provides an institution primarily engaged in the care of the sick, the aged, or the mentally ill  who reside on the premises of such institution.

## VI

Defendant **WOODBRIDGE NURSING PAVILION, LTD.** willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed by:

(A)    Failing to pay nurses for all hours worked as a result of automatically deducting thirty minutes for nurses' meal periods every day when nurses were not able to take a bona fide thirty-minute meal period every day; and

3

(B)     Failing to include non-discretionary incentive bonuses in the calculation of the regular pay rates of nurses and Certified Nursing Assistants ("CNAs"), resulting in the failure to pay the correct overtime rates to nurses and CNAs.

## VII

**WOODBRIDGE NURSING PAVILION, LTD.** repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show, adequately and accurately:

(A)     The number of hours worked as a result of the automatic thirty-minute meal deduction; and

(B)     The correct regular pay rates and overtime pay rates for nurses and CNAs as a result of the failure to include non-discretionary incentive bonuses in the calculation of the regular pay rates of nurses and CNAs.

## VIII

During the period since March 23, 2018, Defendant **WOODBRIDGE NURSING PAVILION, LTD.** has repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime

compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against **WOODBRIDGE NURSING PAVILION, LTD.** as follows:

A.      For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining **WOODBRIDGE NURSING PAVILION, LTD.** its corporate successors, corporate alter egos, officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B.      For an Order:

1.      pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding **WOODBRIDGE NURSING PAVILION, LTD.** liable for unpaid overtime compensation due its employees[1] and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

---

[1] The Secretary acknowledges **WOODBRIDGE NURSING PAVILION, LTD.** claims to have paid back wages for the violations relating to the failure to include non-discretionary bonuses in the regular rates of nurses and CNAs for the period covered by workweek ending dates August 25, 2018, through August 8, 2020, but it has not paid liquidated damages for those back wages as mandated by the Act, which the Secretary seeks.

       **2.** pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining **WOODBRIDGE NURSING PAVILION, LTD.** its corporate successors, corporate alter egos, officers, agents, servants, employees, and those persons in active concert or participation with **WOODBRIDGE NURSING PAVILION, LTD.** from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.** For an Order awarding Plaintiff the costs of this action; and

    **D.** For an Order granting such other and further relief as may be necessary and appropriate.

          Respectfully submitted,

          **ELENA S. GOLDSTEIN**
          Deputy Solicitor of Labor

          **CHRISTINE Z. HERI**
          Regional Solicitor

          /s/ Kevin M. Wilemon
          **KEVIN M. WILEMON**
          Trial Attorney

          Attorney for Plaintiff, Martin J. Walsh
          Secretary of Labor
          U.S. Department of Labor
          Office of the Solicitor
          230 South Dearborn Street,
          Suite 844
          Chicago, IL 60604
          Telephone: (312) 353-6973
          Fax: (312) 353-5698
          E-mail: wilemon.kevin@dol.gov

Illinois Bar No. 6301185

## EXHIBIT A

1.  Masoumeh Abedini
2.  Jazzine Acevedo
3.  Michael Acevedo
4.  Latia Camille Aguirre
5.  Monsurat Ajenifuja
6.  Alejandro Almondarez
7.  Jennifer Asante
8.  Francisco Aspilla
9.  Glenda Ayala
10. David Baez
11. Chynell Baggett
12. Saul Band
13. Enrique Barraca
14. Gloribel Bezares
15. Devona Brame
16. Francisco Brantanico
17. Mariann Capangpangan
18. Angeline Carmona
19. Celia Delgado
20. Sunday Dike
21. Joseph Doire
22. Sylvia Dominguez
23. Rasheed Emiabata
24. Diana Fleming
25. Sar Gallegos
26. Francis Garcia
27. Cecilia Gimenez
28. Jose Guerero
29. Nicolasa Gutierrez
30. Dealtra Harris
31. Herlinda Hernandez
32. Katie Heyman
33. Elena Konkuchansky
34. Elizabeth Landor
35. Stella Ledezma
36. Monica Lorenzano
37. Evelyn Luna
38. Carolyn Mayapis
39. Alebachew Megsganaw
40. Sonisha Mosley
41. Annette Navarro
42. Charity Nkpah

43. Victoria Nwagwu
44. Olussyl Ogunderu
45. Blanca Oliveres
46. Marisela Ortiz Placencia
47. Lorena Patino
48. Jose Saavedra
49. Rosario Salgado
50. Louisa Sanchez
51. Adefemi Sanumi
52. Tyrameena Streeter
53. Eva Testa
54. Mary Thomas
55. Priya Thomas
56. Jaime Wascher
57. Brenda Washington
58. Lesia Williams